UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAPHNE MENEY,

                    Plaintiff,

                                                    13-CV-6149T
          v.                                        **DECISION**
                                                    **and ORDER**
SETERUS, INC. f/k/a IBM LENDER BUSINESS
PROCESS SERVICES, AND FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

                    Defendants.
_____

                        <u>INTRODUCTION</u>

     Plaintiff Daphne Meney ("Meney"), brings this action pursuant
to the Fair Debt Collection Practices Act, codified at 15 U.S.C.
§ 1692 et seq.; Section 349 of the New York State General Business
Law, and New York State common law, claiming that the defendants
used unlawful methods in an attempt to collect a debt from her.
Specifically, plaintiff alleges that defendant Seterus Inc., which
serviced a mortgage loan issued to the plaintiff and held by
defendant Federal National Mortgage Association, improperly
attempted to collect amounts from her which she did not owe.

     Defendants now move to dismiss plaintiff's Amended Complaint
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
on grounds that plaintiff has failed to state a cause of action.
Specifically, the defendants contend that they complied with all
laws and regulations in connection with servicing plaintiff's
mortgage loan.  Defendants contend that upon plaintiff's breach of

the loan agreement (which defendants claim occurred when the plaintiff filed for bankruptcy protection in May, 2010) they were entitled to attempt to collect fees and other costs from the plaintiff, and therefore, their attempts to collect such fees and costs, in addition to principal and interest, were lawful.

Because I find that plaintiff has failed to establish that the defendants were not entitled to attempt to collect fees and costs from her upon her breach of her loan agreement, I find that plaintiff has failed to properly allege that the defendants were not authorized to attempt to collect the amounts they sought.  I therefore grant defendants' motion to dismiss.

<u>BACKGROUND</u>

According to the Amended Complaint, in 2003, plaintiff Daphne Meney obtained a mortgage loan in the amount of $82,000.00 which was secured by a Mortgage Note (hereinafter the "Mortgage Agreement" or "original Mortgage"). Although not stated in the Amended Complaint, plaintiff thereafter became delinquent in her mortgage payments.  In February 2010, plaintiff entered into a Loan Modification Agreement in which her delinquent amounts were capitalized into a new principal amount, with payments to begin in March 2010.

Plaintiff alleges that although she duly made her payments in full under the terms of the Loan Modification Agreement, she

nevertheless received a letter dated July 6, 2010 from defendant
Seterus claiming that she was in default on her loan, and owed
$3,494.30 to the defendants.  According to Seterus, these amounts,
which reflected fees that had accrued under the original mortgage
loan, became due when plaintiff breached the Loan Modification
Agreement and original Mortgage in May by filing a voluntary
petition for bankruptcy in the Bankruptcy Division of this Court.
Seterus claims that under Sections 9, 11, and 14 of the original
Mortgage, the terms of which were incorporated into plaintiff's
Loan Modification Agreement, filing a petition for bankruptcy
rendered plaintiff in default under the Mortgage Agreement and Loan
Modification Agreement, and upon defaulting, the defendants were
entitled to recoup unpaid fees that accrued prior to the signing of
the Loan Modification Agreement.

Plaintiff's Amended Complaint makes no mention whatsoever of
her having filed for bankruptcy protection in May, 2010.  Rather,
she claims that she filed for bankruptcy in 2007, and that her
bankruptcy was discharged in June of 2010.  She therefore claims
that her filing for bankruptcy could not have constituted a default
under the original Mortgage or the Loan Modification Agreement
entered into in March, 2010.  Rather, she claims that the
defendants had no justification for seeking any past amounts
allegedly owed by her under either the original loan or the loan as
modified by the Modification Agreement, and therefore, defendants

violated the Fair Debt Collection Practices Act and Section 349 of the New York State General Business Law by attempting to collect such amounts, and breached the terms of the original Mortgage and Loan Modification Agreement.

DISCUSSION

I.   <u>Standard for Motion to Dismiss</u>

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See

id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

While generally courts are required to accept factual allegations set forth in the Complaint as true, "a court need not accept as true "conflicting pleadings that make no sense . . . or that are contradicted . . . by facts of which the court may take judicial notice.'" Coggins v. Cnty. of Nassau, 2013 WL 6224631 at *6 (E.D.N.Y., Dec. 2, 2013)(quoting In re Livent, Inc. Noteholders Sec. Litig., 151 F.Supp.2d 371, 405-06 (S.D.N.Y., 2001). It is further without question that a court may take judicial notice of prior court proceedings. Harvey v. Chemung Cnty., 2012 WL 729714 at fn. 1 (W.D.N.Y., Mar. 6, 2012) reconsideration denied, 2012 WL 1431228 (W.D.N.Y., Apr. 24, 2012)(citing Infanti v. Scharpf, 2012 WL 511568, *2 (E.D.N.Y., February 15, 2012) ("Even if not incorporated in a complaint, the Court may take judicial notice of judgments entered in prior proceedings")).

II. Plaintiff has failed to allege a plausible claim for violation of the Fair Debt Collection Practices Act, New York State General Business Law or for Breach of Contract

Plaintiff alleges that the defendants' were not entitled to the amounts they attempted to collect from her, and therefore, any attempts to collect debts she did not owe constituted violations of the Fair Debt Collection Practices Act and Section 349 of the New York State General Business Law, and breached her Loan Modification Agreement.  The defendants argue, however, that the plaintiff herself defaulted on the mortgage and Loan Modification Agreement by filing for bankruptcy protection in May 2010.  In support of this claim, defendants cite Section 11 of the Mortgage Agreement entered into by Meney which provides in relevant part that the borrower "will be in default under this Security Instrument" if any civil action exists which could "damage Lender's interest in the property."  See December 29, 2003 Mortgage attached as Exhibit 1 to the August 2, 2013 Affidavit of Jessica Prunell.  Moreover, Section 9 of the Mortgage Agreement provides that if the borrower "begins a legal proceeding that may significantly affect Lender's interest in the [secured] Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy . . . )" then the lender may take steps to protect its interests, including changing locks and inspecting the property, and charge the borrower for amounts spent securing its interests.  Id.  Finally, Section 14 of the original Mortgage provides that the lender may charge the plaintiff

fees for services performed in connection with the borrower's default under the Mortgage Agreement.

The defendants claim that upon plaintiff's default under the original Mortgage and Loan Modification Agreement, they became entitled to collect unpaid fees and costs that had accrued under the original loan, but which defendants had agreed not to collect so long as plaintiff did not default under the original Mortgage or the Loan Modification Agreement. The defendants therefore claim that they were entitled to collect the amounts they sought from the plaintiff.

As stated above, plaintiff's Amended Complaint does not mention her bankruptcy petition in any manner. Yet in her opposition to defendants' motion to dismiss, plaintiff states, in a sworn affidavit, that she filed for bankruptcy protection on January 8, 2007, three years prior to entering into the Loan Modification Agreement. See Affidavit of Daphne Meney (Docket item no. 25-2) at ¶ 5. In support of her claim, she submits an Order from the United States Bankruptcy Court for the Western District of New York dated June 16, 2010 to support her claim that her petition for bankruptcy was filed on January 8, 2007. See Exhibit 1 to the Affidavit of Daphne Meney. Additionally, plaintiff's attorney states in his Memorandum in Opposition to Defendants' Motion to Dismiss that plaintiff filed a petition for bankruptcy in 2007, not in 2010. See Memorandum of Law in Opposition to Defendant's Motion

to Dismiss at p. 11 ("Meney's Chapter 13 bankruptcy petition was filed in January of 2007 ... well before the Loan Modification Agreement entered into in 2010, and was dismissed by Order dated and filed June 16, 2010 . . . and therefore clearly did not affect Meney's obligations on the loan herein").  The plaintiff thus contends that because her bankruptcy petition was filed in 2007, and not in 2010, she did not breach the Loan Modification Agreement, and therefore, the defendants were not authorized to attempt to collect past fees and costs.

The Court, however, is gravely troubled by the plaintiff's claim that she did not file for bankruptcy protection in 2010, but instead filed her petition in 2007.  The evidence of plaintiff's bankruptcy proceeding, of which the court may take judicial notice and which has been made a part of the record by the defendants, indicates that plaintiff filed for bankruptcy on May 5, 2010. The United States Bankruptcy Court for the Western District of New York is a Division of the United States District Court for the Western District of New York.  As such, the District Court maintains access to all bankruptcy petitions filed in the Western District of New York, and this court may take judicial notice of bankruptcy proceedings before the court.  Dev. Specialists, Inc. v. Dechert LLP, 11 CIV. 5984, 2013 WL 4573733 at fn. 5 (S.D.N.Y. Aug. 22, 2013)(Court authorized to take judicial notice of report filed in underlying bankruptcy proceedings).  A review of all bankruptcy

petitions filed from 2007 to date reveal that the plaintiff filed for bankruptcy protection on May 5, 2010, and did not file for bankruptcy protection at any time in 2007.[1]  Indeed, the defendants have submitted to the Court a copy of plaintiff's voluntary bankruptcy petition dated May 5, 2010.  See Exhibit 2 to the Affidavit of Jessica Prunell (docket item no. 27).

Additionally, although the plaintiff submits a June 16, 2010 Order from the Bankruptcy Court purporting to show that plaintiff's bankruptcy petition was filed on January 5, 2007, that Order was explicitly Amended by an Order issued 8 days later which corrected the filing date of plaintiff's petition from the incorrect date of January 7, 2007 to the correct date of May 5, 2010.  Because the June 24, 2010 Order of the Bankruptcy Court amended the June 16, 2010 Order, the June 16, 2010 Order is a nullity, and there is no basis for plaintiff's citation of that Order to this Court. Moreover, plaintiff's attempt to claim that her petition was filed in 2007 is countered by the fact that the case number of her bankruptcy case, "10-21080", establishes that the case was indeed filed in 2010, as the first two digits of the case number signify the year in which it was filed. Accordingly, there is no basis for

---

[1]
A review of the official Bankruptcy Court docket sheet for plaintiff's 2010 bankruptcy filing reveals that plaintiff had previously filed for bankruptcy in 1994 (discharged in 1996) and had no other bankruptcy filings.  See In re Daphne Meny, case no. 10-21080JCN Docket item no. 3 (attached as Exhibit 2 to the Affidavit of Jessica Prunell).

plaintiff's contention that her petition was filed in 2007. Against the evidence presented by the defendants, the plaintiff has failed to submit any evidence demonstrating that her petition was filed in 2007, and not 2010.

Because all evidence demonstrates that plaintiff filed her bankruptcy petition after she entered into the Loan Modification Agreement, thereby defaulting under the original Mortgage and Loan Modification Agreement and triggering the defendants' right to recoup delinquent fees owed by the plaintiff under the original mortgage loan, I grant defendants' motion to dismiss plaintiff's Complaint with prejudice.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendants' motion to dismiss plaintiff's Amended Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          April 17, 2014